UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY RAY LUNA (#385808)                                CIVIL ACTION

VERSUS

JUDGES OF THE LOUISIANA FIFTH CIRCUIT              NO. 10-0338-FJP-CN
COURT OF APPEALS, ET AL.

<u>NOTICE</u>

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in chambers in Baton Rouge, Louisiana, June 18, 2010.

                          MAGISTRATE JUDGE CHRISTINE NOLAND

Copy of this report and recommendation mailed to plaintiff again on 7/28/10 per order of FJP, record document 7.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHNNY RAY LUNA (#385808)**                                    CIVIL ACTION

**VERSUS**

**JUDGES OF THE LOUISIANA FIFTH CIRCUIT**                NO. 10-0338-FJP-CN
**COURT OF APPEALS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Susan Chehardy, Fred Bowes, Thomas Kliebert, Edward Dufresne, Thomas Wicker, Clarence McManus, Greg Guidry, H. charles Gaudin, James Cannella, Sol Gothard, Fredricka Wicker, Charles Grisbaum, Marion Edwards, Walter Rothchild and Thomas Daley, all current or former judges of the Louisiana Court of Appeal for the Fifth Circuit, complaining that the defendants have violated his constitutional rights by denying him a proper review of his criminal conviction and sentence.  Specifically, the plaintiff complains that, over a period of many years, the defendant judges sanctioned a procedure by which an unelected employee of the court was authorized to issue rulings in connection with all pro se filings. When this alleged impropriety came to light, the defendants, in an effort to ameliorate the situation, submitted a proposal to the Louisiana Supreme Court -- which proposal was ultimately accepted -- whereby the plaintiff and others would be entitled to receive a new review of their claims by the defendant judges.  The plaintiff complains, however, that "it is wrong to allow these same discriminatory, biased judges to review his case again."  The plaintiff prays that his criminal case be removed from the state court system and that his case be given a proper review in the federal courts or, in the alternative, that this matter be interpreted as a habeas corpus proceeding and that he be released from custody.

Initially interpreting the plaintiff's pleading as a request for removal pursuant to 28 U.S.C. § 1443, this statue provides, in pertinent part, that, "criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States ...; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.[1]

Removal in the instant case is inappropriate.  In the first place, pursuant to 28 U.S.C. § 1443, the appropriate venue for a removed criminal case is in the district wherein the criminal case is pending.  It appears from a review of the plaintiff's pleadings that the plaintiff's criminal proceedings were commenced and are pending in the Eastern District of Louisiana.  Accordingly, the petitioner's request for removal is not properly before this Court.  Further, under established law, the petitioner's removal petition, to be supportable, must satisfy a two-pronged test.  <u>Johnson v. Mississippi</u>, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975).  "First it must appear that the right allegedly denied the ... petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" <u>Robertson v. Ball</u>, 534

---

[1] Removal under § 1443(2) is "limited to federal officers and those authorized to act for them or under them." <u>Varney v. State</u>, 446 F.2d 1368 (5th Cir. 1971), <u>citing</u> <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966)("hold[ing] that the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights"). Accordingly, removal under § 1443(2) is unavailable to the petitioner in this action, and the Court is thus only concerned with whether the petitioner has properly removed this action pursuant to § 1443(1).

F.2d 63 (5th Cir. 1976), quoting Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).  The Johnson Court elaborated that, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."  Johnson v. Mississippi, supra.  Further, if the petitioner satisfies the first prong, the Court must then determine if the removal petitioner is denied or cannot enforce his federal rights in the state court.  Id.  "This provision normally requires that the 'denial be manifest in a formal expression of the state law' such as a state legislative or constitutional provision...."  Id., quoting Georgia v. Rachel, supra.

In the instant case, the petitioner has made no allegation that he has been denied a federal right arising under a specific law or statute protecting against racial inequality.  Although he asserts that the state appellate judges have engaged in biased and discriminatory practices, he has made no allegation regarding his own race or that the defendants' alleged bias and discrimination have been exercised against him because of such race.  The mere assertion that the criminal proceedings pending in state court will violate his rights under the general provisions of 42 U.S.C. § 1983 or the Fourteenth Amendment is insufficient to support a removal under 28 U.S.C. § 1443.  Johnson v. Mississippi, supra; Georgia v. Rachel, supra.  Accordingly, it appears clear that the petitioner has not satisfied the first prong of the Johnson removal test and that he is, therefore, not entitled to removal of his criminal case under 28 U.S.C. § 1443.

Next interpreting the plaintiff's Complaint as a claim for the violation of his constitutional civil rights under 42 U.S.C. § 1983, this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the claims asserted therein are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. §

1915(e).  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Applying the foregoing standard, it appears that, in addition to having been filed in a Court of improper venue (inasmuch as all defendants reside in the Eastern District of Louisiana), the instant proceeding is subject to dismissal as duplicative.[2]  In a previous lawsuit filed by the plaintiff, Johnny Luna, et al. v. Louisiana Fifth Circuit Court of appeal Judge Thomas J. Kliebert and Estate, et al., No. 09-3853-N(1) (E.D. La.), the plaintiff asserted a claim against the same defendants and prayed, inter alia, for injunctive and declaratory relief as well as for habeas corpus relief.  That action was dismissed as frivolous by the Eastern District Court, and that dismissal has been affirmed on appeal by the United States Court of Appeals for the Fifth Circuit.  Accordingly, the repetitive claims asserted herein against these defendants should be dismissed as well.  Further, to the extent that the plaintiff's claims asserted in this proceeding may be interpreted as different in form or

---

[2] A claim asserted in a court of improper venue may either be dismissed or, in the interest of justice, transferred to a court of proper venue.  28 U.S.C. § 1406(a).  The Court has elected to dismiss the plaintiff's claims.

kind from those asserted in the previous Eastern District litigation, the plaintiff is advised that he should seek further relief in the Eastern District Court.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e), without prejudice to the plaintiff's right to pursue his claims in the Eastern District of Louisiana, to the extent that these claims may be different in form or kind from those asserted in his previous litigation.

Signed in chambers in Baton Rouge, Louisiana, June 18, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**